865 F.2d 1268
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
THUNDER BAY BROADCASTING CORPORATION, d/b/a WBKB-TV Channel
11, Respondent,
and
Steven Marks, Additional Respondent in Contempt.
 No. 85-5871.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1989.
 ORDER
 
 1
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and RICHARD SUHRHEINRICH, District Judge.*
 
 
 2
 Upon the National Labor Relations Board's Motion to Approve a Settlement Agreement and for Permission to Withdraw, Without Prejudice, Its Motion for Assessment of Fines, for Issuance of a Writ of Body Attachment Against Respondents Thunder Bay and Marks, and for an Award of Costs and Attorneys' Fees Against Attorney Gregory Muzingo Pursuant to 28 U.S.C. Sec. 1927, the Court having considered the Board's showings in support, no opposition having been filed thereto, and good cause appearing therefor, it is hereby ORDERED that the Board's motion is GRANTED. The Settlement Agreement attached hereto as Exhibit A is approved and shall be complied with, and the Board's Motion for Assessment of Fines and other sanctions is hereby deemed withdrawn, without prejudice.
 
 
 3
 AGREEMENT FOR SETTLEMENT OF BOARD'S MOTION FOR ASSESSMENT OF
 
 
 4
 FINES AND FOR ISSUANCE OF A WRIT OF BODY ATTACHMENT AGAINST
 
 
 5
 RESPONDENTS THUNDER BAY AND MARKS, AND FOR AN AWARD OF COSTS
 
 AND ATTORNEYS' FEES
 
 6
 The National Labor Relations Board (the Board") by its Assistant General Counsel, Contempt Litigation Branch, Thunder Bay Boardcasting Corporation d/b/a WBKB-TV, Channel 11 ("the Company") and its president, Steven Marks, hereby agree to settle the Board's Motion for Assessment of Fines, for Issuance of a Writ of Body Attachment and for an Award of Costs and Attorneys' Fees on the following terms and conditions:
 
 
 7
 1. The Company agrees to pay employee Geraldine Foor $13,437.34 backpay pursuant to paragraph 3 of the Sixth Circuit's December 30, 1987 consent adjudication in Case No. 85-5871, incorporated herein by reference. Payment will be made by the following payment schedule, which incorporates continuing interest:
 
 
 8
 Date Payment Due Amount Due Balance
 $13,773.27
August 1, 1988 $5,000 $8773.27
 interest 72.82
 ----------
 $8846.09
September 1, 1988 $1,000 $7846.09
 interest 65.12
 ----------
 $7911.21
October 1, 1988 $1,000 $6911.21
 interest 57.36
 ----------
 $6968.57
November 1, 1988 $1,000 $5968.57
 interest 49.54
 ----------
 $6018.11
December 1, 1988 $1,000 $5018.11
 interest 41.65
 ----------
 $5059.76
January 1, 1989 $1,000 $4059.76
 interest 33.70
 ----------
 $4093.46
February 1, 1989 $1,000 $3093.46
 interest 25.68
 ----------
 $3119.14
March 1, 1989 $1,000 $2119.14
 interest 17.59
 ----------
 $2136.73
April 1, 1989 $1,000 $1136.73
 interest 9.43
 ----------
 $1146.16
May 1, 1989 $1,146.16
 
 
 9
 The Company may prepay the full balance due at any time.
 
 
 10
 2. The Company agrees to pay to the Board $5,000 for costs and attorneys' fees, due under paragraph 9 of the court's December 30, 1987 consent adjudication. Payment will be made by the following payment schedule:
 
 
 11
 Date Payment Due on or Before Amount of Payment
August 1, 1988 $1,000
September 1, 1988 $1,000
October 1, 1988 $1,000
November 1, 1988 $1,000
December 1, 1988 $1,000
 
 
 12
 The Company may prepay the full balance due at any time.
 
 
 13
 3. Upon default in making payment of any sum due under of this agreement and the continuation of such default for a period of ten days, without further notice the full unpaid balance of backpay liability plus interest and the full unpaid balance of costs and fees shall immediately become due and payable to the Board.
 
 
 14
 4. The Board agrees to withdraw, without prejudice, its motion for Assessment of Fines, for Issuance of a Writ of Body Attachment and for an Award of Costs and Attorneys' Fees after receipt of this agreement signed on behalf of the Company and Marks and the receipt of the first payments under paragraphs 1 and 2 of this agreement, proof of mailing and posting of the remedial notice and adjudication, and acknowledgment of receipt of the judgment and adjudication.
 
 
 15
 5. The Company and Marks hereby reaffirm the Court's December 30, 1987 consent adjudication. More specifically, the Company and Marks agree to post copies of a notice and the adjudication as required by paragraph 6 of the adjudication; mail copies of the notice and adjudication to former employees as required by paragraph 7 of the adjudication; acknowledge in writing receipt of the judgment and adjudication as required by paragraph 8 of the adjudication; and file sworn statements with the Clerk of the Sixth Circuit as required by paragraph 10 of the adjudication.
 
 Dated: 8/5/88
 Dated: 8/5/88
 Dated: 8-19-88
 
 16
 y:thunderl.mot[db]
 
 
 17
 THUNDER BAY BROADCASTING CORP.
 
 
 18
 by/s/Steven Marks, President
 
 
 19
 /s/STEVEN MARKS, Individually
 
 NATIONAL LABOR RELATIONS BOARD
 
 20
 by/s/Bernard Jeweler, Assistant General Counsel
 
 
 
 *
 The Honorable Richard Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation